UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON STINCHCOMBE,

        Plaintiff,                      Case Number: 10-12101

v.                                          MARK A. GOLDSMITH
                                                  UNITED STATES DISTRICT JUDGE

BRIAN EVERS, et al.,

                                                  VIRGINIA M. MORGAN
       Defendant.                UNITED STATES MAGISTRATE JUDGE

_____ /

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 8)**

      This is a *pro se* 42 U.S.C. § 1983 action in which Plaintiff Aaron Stinchcombe, an inmate in the custody of the Michigan Department of Corrections, alleges that Defendants, employees of the Michigan Department of Corrections, violated his rights under the Eighth Amendment of the United States Constitution. The Defendants in this case are Gus Harrison Correctional Facility employees: Deputy Warden Lee McRoberts, Assistant Deputy Wardens Paul DeLeeuw and Willis Chapman, and Resident Unit Manager Brian Evers. This matter is before the court on Defendants' motion for summary judgment. (Doc. No. 8). For the reasons discussed below, the court recommends that Defendants' motion be **GRANTED** and Plaintiff's complaint be dismissed with prejudice.

**I. Background**

      Plaintiff, a prisoner at the Gus Harrison Correctional Facility, alleges that the prison's policy of assigning mentally ill and non-mentally ill prisoners to share cells violates his constitutional

1

rights. (Compl. ¶ 6). Plaintiff further alleges that "this concept of double bunking with mentally ill prisoners creates a cruel and unusual punishment situation under the Eighth Amendment," as mentally ill prisoners are punished more lightly than general population prisoners for the same offenses. (Compl. ¶ 13). Lastly, Plaintiff alleges that he has been labeled a "bug" by prison staff. (Compl. ¶ 16).

Plaintiff seeks compensatory and punitive damages, an injunction preventing retaliation during the pendency of this lawsuit, and the appointment of a monitor to develop and implement a policy prohibiting the double bunking of mentally ill prisoners. (Compl. p. 6-7).

## II. Standard of Review

In deciding a motion for summary judgment, this court uses the following standard of review:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

## III. Analysis

Defendants first argue that summary judgment should be entered on Plaintiff's Eighth Amendment claim because Plaintiff has not alleged that he has been denied essential food, medical care, or sanitation and, as a result, has not stated a claim for an Eighth Amendment violation. (Doc. No. 8, Defs.' MSJ 3).

Plaintiff responds by disputing, without citing to evidence in the record, the factual

statements RUM Evers swore to in his affidavit and arguing that, in fact, mentally ill prisoners are housed with general population prisoners. (Doc. 9, Pl.'s Resp. 2-9).

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." *Id*. First, the deprivation alleged must be sufficiently serious. *Id*. For an unsafe living conditions claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the prison official must have a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Id*.

Plaintiff's Eighth Amendment claim cannot survive summary judgment. Plaintiff has not pleaded facts or provided evidence that his living conditions pose a substantial risk of serious harm. *See Farmer*, 511 U.S. at 832. Plaintiff's allegations that mentally ill prisoners are housed with and treated differently from the general population prisoners are not sufficient to state a claim for an Eighth Amendment violation. In addition, Defendants have provided evidence, in the form of Evers' affidavit, that only prisoners receiving outpatient mental health treatment are placed in the general population and those prisoners are screened before such a placement occurs. (Doc. No. 8, Defs.' MSJ Exhibit A, Evers' Aff. ¶¶ 18-19). Plaintiff has not contradicted Evers' affidavit with sworn statements or other admissible evidence. The court also notes that Evers has provided evidence that Plaintiff has not been housed with any prisoner receiving outpatient mental health services. (Doc. No. 8, Defs.' MSJ Exhibit A, Evers' Aff. ¶¶ 6-7). Plaintiff's claim, therefore, fails as a matter of

3

law.

To the extent that Plaintiff is suing Defendants Chapman, DeLeeuw, and McRoberts on a supervisory theory of liability, he has not stated a claim for relief because vicarious liability is not a basis for relief under § 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)).

Lastly, Plaintiff's allegation that he has been stigmatized because correctional officers labeled him a "bug" is insufficient to state a claim, because injury to one's reputation "is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976).

Defendants further argue that Plaintiff's claims should be dismissed on the ground that he has not alleged a physical injury, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). The PLRA limits prisoners' recovery to damages for physical injuries: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Sixth Circuit has held, in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See*, *e.g.*, *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, *2 (6th Cir. Aug.24, 2001). Section 1997e(e) does not, however, prevent recovery of compensatory damages for other injuries, punitive damages, and injunctive relief. *See Miller v. Bock*, 55 Fed. Appx. 310, 2003 WL 202173 (6th Cir. Jan 28, 2003); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459,

4

*2 (6th Cir. Sept.18, 2000). Additionally, other federal courts have rejected the physical injury requirement of § 1997e(e) when the underlying claim is for First Amendment violation or other right not typically involving physical injury. In *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998), the Ninth Circuit held: "[t]he deprivation of First Amendment rights entitles a plaintiff judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." 143 F.3d at 1213. *See also Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (no requirement of physical, mental or emotional injury for First Amendment claim because deprivation of First Amendment rights standing alone is a cognizable injury);

District Courts in the Eastern District of Michigan have generally taken the view that § 1997e(e) only limits recovery absent physical injury and does not bar the entire claim. *See*, *e.g.*, *Meade v. Plummer*, 344 F. Supp. 2d 569, 573 (E.D. Mich. 2004) (Lawson, J.); *see also Zygaj v. Granholm*, No. 07-14288, 2008 WL 2074388, *2 (E.D. Mich. May 14, 2008) (Battani, J.) (stating that the "majority of federal circuits agree that § 1997e(e) only bars claims for mental and emotional injury, not damages that do not involve mental or emotional injury" and adopting that majority view); *Shabazz v. Martin*, No. 00-73005, 2006 WL 305673, *6 (E.D. Mich. February 9, 2006) (Hood, J.) (holding that the plaintiff in that case was not precluded from recovery of monetary damages pursuant to § 1997e(e) merely because he failed to demonstrate that he has suffered a physical injury). Also, in *Siggers-El v. Barlow*, 433 F. Supp. 2d 811 (E.D. Mich. 2006) (Tarnow, J.), the court held that § 1997e(e) is not applicable to a First Amendment retaliation claim.

In this case, given the above discussion, the court should grant summary judgment on the basis that Plaintiff's claims cannot survive as a matter of law and it need not decide how § 1997e(e) limits or bars Plaintiff's claim for damages in this case. However, the court notes that Plaintiff seeks

5

more than just compensatory damages for his emotional injury and, therefore, his entire claim would not be barred by the PLRA.

**IV. Conclusion**

The court recommends that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's complaint be dismissed with prejudice.

The parties may file objections to the Report and Recommendation portion of this opinion within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 5, 2011

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 5, 2011.

                                          s/J. Johnson
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan